UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                    Plaintiff,    )<br>                                    )     No. 1:22-cr-66<br>-v-                                 )<br>                                    )     Honorable Paul L. Maloney<br>CHRISTOPHER FLOWERS, SR.,           )<br>                    Defendant.      )<br>                                    )| |

### MEMORANDUM OPINION AND ORDER

Defendant Christopher Flowers filed a motion for a sentence modification under § 3582(c)(2) (ECF No. 47). Defendant relies on Amendment 821 and asserts that he received status points under USSG § 4A1.1(d). Defendant seeks a reduction in his sentence. The Court will deny Defendant's motion.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, 18 U.S.C. § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that have the effect of lowering a sentencing guideline range for that defendant. The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. *See United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*,

560 U.S. 817, 826-27 (2010)). The court must first determine if the Sentencing Commission's changes actually lowered the defendant's guidelines range and whether the reduction is consistent with applicable policy statements. This first step requires the court to apply the retroactive changes to the Sentencing Guidelines to determine the defendant's new sentencing guideline range. *See United States v. Valentine*, 694 F.3d 665, 670 (6th Cir. 2012) (explaining that "the court substitutes the amendment for the corresponding guidelines provision that was applied when the defendant was sentenced"); *accord United States v. Gutierrez*, 859 F.3d 1261, 1264 (10th Cir. 2017) ("Section 1B1.10 provides that, in considering a sentence reduction, a district court must recalculate the defendant's Guidelines range in light of any applicable retroactive amendments."); *United States v. Bryant*, 307 F. App'x 410, 411 (11th Cir. 2009) ("Thus, when a district court reconsiders a sentence on a § 3582(c)(2) motion, it must first recalculate the sentence under the amended guidelines."). A defendant becomes eligible for a sentence modification under § 3582(c)(2) if the defendant's new or recalculated guideline range, determined by applying the retroactive changes, is lower than the guideline range used at the original sentencing. Defendant's motion fails at the first step.

      Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. Status points are those points that were added under then Sentencing Guideline § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides

for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors. With exceptions that do not apply here, a defendant's total criminal history points or criminal history score determines his or her criminal history category. The combination of criminal history category and total offense level determines a defendant's guideline range.

In his motion, Defendant specifically invokes the retroactive changes to status points in Part A of Amendment 821. Applying the guidelines in effect at sentencing, Defendant received two status points under § 4A1.1(d). (ECF No. 33 ¶ 66 PageID.120). Defendant had a total of 15 criminal history points resulting in a criminal history category VI (*id.* ¶ 67).

The Court finds Defendant ineligible for sentence modification under 18 U.S.C. § 3582(c)(2). Applying the retroactive changes in Amendment 821, Defendant gets only one status point rather than two status points. USSG § 4A1.1(e). Defendant's new criminal history score is 14 rather than 15. Defendant's criminal history category, however, does not change. Criminal history scores of 13 or more all result in a criminal history category VI. As a result, Defendant's guideline range remains the same.

Although Amendment 821 reduces Defendant's criminal history score from 15 to 14, that change does not alter Defendant's criminal history category. Because the criminal history category does not change, Defendant's guideline range does not change. He is not eligible for a sentence reduction under § 3582(c)(2).

Defendant also requests the appointment of counsel. Generally, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "[T]here is no right to appointed counsel in sentence modification

proceedings under § 3582(c)." *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). "[T]he decision to appoint an attorney is left to the discretion of the district court." *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009).  Here, Defendant is clearly ineligible for a sentence reduction under Amendment 821; therefore, the Court declines to appoint counsel.

For these reasons, the Court **DENIES** Defendant Flowers' motion for a sentence reduction and the request for appointment of counsel. (ECF No. 47).

**IT IS SO ORDERED.**

Date:   August 20, 2024                               /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge